# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER GRANTING MOTION** |
| | ) | **FOR RELEASE** |
| vs. | ) | |
| | ) | |
| Janine May Edwards, | ) | Case No. 1:21-cr-190 |
| | ) | |
| Defendant. | ) | |

The court previously ordered defendant detained pending trial, opining: "Defendant has not rebutted the presumption of detention. The court further notes the existence of an active, out of state arrest warrants for defendant, defendant's lack of resources, and defendant lack of a viable release option. Defendant is therefore ordered detained. The court may revisit this issue on appropriate motion by defendant." (Doc. No. 31).

On November 9, 2021, defendant filed a motion for pretrial release. (Doc. No. 32). Advising that her out-of-state warrants have been "lifted," she requests to be released to her residence in Beulah, North Dakota, that she shares with Zher husband.

There being no objection from the United States, the court **GRANTS** defendant's motion (Doc. No. 32). Defendant shall be releases subject to the following conditions:

(1)   Defendant must not violate federal, state, tribal, or local law while on release.

(2)   Defendant must appear in court as required and must surrender to serve any sentence imposed.

(3)   Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(4) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall not knowingly or intentionally have any direct or indirect contact with the alleged victim, except that counsel for the defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.

(7) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

(8) Defendant shall be monitored by the form of location monitoring indicated below and shall abide by all technology requirements. The participant shall pay for all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services or probation officer.

    GPS Monitoring (including hybrid GPS)

This form of location monitoring technology shall be utilized to monitor the

following restriction of the Defendant's movement in the community as well as other court-imposed conditions of release (The Court must impost one of these components):

> You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

(9) Defendant shall reside at the address in Beulah, North Dakota, that she has provided to the Pretrial Services Officer and not change this residence without prior approval of the Pretrial Services Officer.

(10) Defendant shall submit her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

(11) Defendant shall not have unsupervised contact with anyone under the age of 18.

(12) Defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and Internet service providers as approved by the Pretrial Services Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants, Internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access the Internet, electronic bulletin boards, other

computers, or similar media.  The defendant shall not add, remove, upgrade, update, re-install, repair, or otherwise modify the hardware or software on the computers, computer related devices, or their peripheral equipment, nor shall defendant hide or encrypt files or data without prior approval of the Pretrial Services Officer.

(13) Immediately upon her release, defendant shall contact Pretrial Services Officer Shylah Leonard at (701) 297-7249 for location monitoring arrangements. Also she is to contact Pretrial Services Officer Baily Kruger at (701) 530-2414.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District court